**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VANESTA MCFADDEN, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-348-JHP-PJC |
| ) | |
| TULSA COUNTY BOARD OF COUNTY ) | |
| COMMISSIONERS; SHERIFF STANLEY ) | |
| GLANZ, individually and in his official ) | |
| capacity as Tulsa County Sheriff; ) | |
| UNDERSHERIFF TIM ALBIN, individually ) | |
| and in his official capacity as Tulsa County ) | |
| Undersheriff; MAJOR SHANNON CLARK, ) | |
| individually and in her official capacity as ) | |
| Tulsa County Major; SERGEANT JUDY ) | |
| POUNDS, individually and in her official ) | |
| capacity as an officer of the Tulsa County ) | |
| Sheriff's Department; and CAPTAIN ) | |
| WILLIAM MCKELVEY, individually and ) | |
| In his official capacity as an officer of the ) | |
| Tulsa County Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court are the (1) Motion to Dismiss Plaintiff's Second Amended Complaint by Defendants Undersheriff Tim Albin, Major Shannon Clark, Sergeant Judy Pounds, and Captain William McKelvey (Doc. No. 46) and (2) Motion to Dismiss Second Amended Complaint by Defendants Tulsa County Board of County Commissioners and Sheriff Stanley Glanz Individually and in His Official Capacity as Tulsa County Sheriff (Doc. No. 44).

1

**BACKGROUND**

Plaintiff Vanessa McFadden filed this action to recover against the defendants for alleged wrongful and retaliatory termination, adverse employment action, and constitutional violations. The Second Amended Petition names as defendants, in both their individual and official capacities: Sheriff Stanley Glanz, Undersheriff Tim Albin, Major Shannon Clark, Sergeant Judy Pounds, and Captain William McKelvey. Plaintiff also names the Tulsa County Board of County Commissioners ("BOCC") as a defendant.

According to the Second Amended Complaint, Plaintiff was employed as a deputy sheriff for the Tulsa County Sheriff's Office ("TCSO") from April 1, 2011, through March 17, 2014. (Doc. No. 40, ¶¶ 18, 37). Plaintiff alleges her employment at TCSO was terminated as retaliation for filing a worker's compensation claim and for taking leave under the Family Medical Leave Act ("FMLA"), after sustaining a traumatic brain injury from an inmate assault. (*Id.* ¶¶ 33, 37, 62-63, 74-78).

Plaintiff now asserts three causes of action against all defendants: (1) adverse employment action for her exercise or attempted exercise of her FMLA rights (FMLA Entitlement Claim); (2) retaliatory discharge in violation of the FMLA; and (3) relief under 42 U.S.C. § 1983 for violation of Plaintiff's equal protection rights under the Fourteenth Amendment to the United States Constitution.[1] Plaintiff also brings a fourth claim against Glanz and BOCC for wrongful termination pursuant to Okla. Stat. tit. 85, § 341. Plaintiff seeks punitive damages from Defendants Albin, Clark, Pounds, and McKelvey (the "Individual Defendants") in their individual capacities and against Glanz in his individual capacity.

---

[1] After briefing on the Motions to Dismiss was completed, the parties filed a Joint Stipulation of Partial Dismissal (Doc. No. 67), in which it was agreed Plaintiff's state law claims for Negligence (Fifth Cause of Action) and Statutory Blacklisting (Sixth Cause of Action) shall be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Accordingly, those claims will not be addressed in this Opinion and Order.

The defendants removed the action to this Court based on federal question jurisdiction on June 23, 2015. All defendants have now moved to dismiss Plaintiff's claims. The Individual Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which any relief can be granted as a matter of law. (Doc. No. 46). Defendants Glanz and BOCC seek dismissal under Rule 12(b)(6) and partial dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 44).

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has stated that "plausibility" in this context refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 569). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). The court should be "particularly critical of complaints that 'mention[] no specific time, place, or person involved" in the alleged misconduct and should

reject pleadings that rely on the collective term "defendants" without clarifying who is alleged to have done what to whom. *Robbins*, 519 F.3d at 1248, 1250 (quoting *Twombly*, 550 U.S. at 564 n.10).

## I. Motion of the Individual Defendants

The Individual Defendants seek dismissal of the claims against them in both their individual and official capacities. (Doc. No. 46). The Individual Defendants argue Plaintiff's Second Amended Complaint is a "textbook example" of the type of generic and conclusory allegations which federal courts have found to be legally deficient under the *Twombly/Iqbal* pleading standards. The Individual Defendants further assert certain of Plaintiff's claims are barred against these defendants and should be dismissed with prejudice. The Court will address each of Plaintiff's three claims against the Individual Defendants separately.

### A. FMLA Retaliatory Discharge (Third Cause of Action)

First, the Individual Defendants argue Plaintiff's FMLA retaliatory discharge claim against them in their individual and official capacities must be dismissed for failure to state a plausible claim, because they do not qualify as an "employer" under the FMLA. An FMLA retaliation claim under 29 U.S.C. § 2615(a)(2) can be brought only against the claimant's "employer," which is defined in the statute to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer" and "any 'public agency.'" 29 U.S.C. § 2611(4)(A); *see* 29 U.C.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.").

The parties agree, as does the Court, that this definition allows some individual public employees to qualify as an "employer" under the FMLA. *See Owens v. City of Barnsdall*, 2014

4

WL 2197798, at *6 (N.D. Okla. May 27, 2014) (collecting cases and concluding, in the absence of express Tenth Circuit guidance, that an individual public employee may be held liable as an "employer" under the FMLA if that individual acts, directly or indirectly, in the interest of an employer to any of the employees of such employer); *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006) ("The most straight forward reading of the [statutory] text compels the conclusion that a public employee may be held individually liable under the FMLA.").

The Individual Defendants argue, however, that Plaintiff has failed to allege they qualify as an employer under this statute, because Plaintiff did not allege they had policy-making authority or final decision-making authority over FMLA leave requests or termination of Plaintiff's employment.  *See Owens*, 2014 WL 2197798, at *6 (city mayor in his individual capacity could qualify as plaintiff's "employer" under FMLA, where he was alleged to be "the final policymaker" with "final decision making authority over the incidents alleged herein."). See also *Crittendon v. Arai Americas, Inc.*, 2014 WL 354517, at *4 (E.D. Va. Jan. 28, 2014) ("An individual who exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest is subject to individual liability under the FMLA.") (citing *Haybarger v. Lawrence Cty. Adult Probation & Parole*, 667 F.3d 408, 417 (3d Cir. 2012)).  In her response brief, Plaintiff argues her allegations are sufficient because each of the Individual Defendants, "being above Plaintiff in rank and position, and having a bearing on her work prospects, were not only her supervisors, but they played a role in her termination." (Doc. No. 49, at 12).

The Court concludes Plaintiff has sufficiently alleged an FMLA retaliation claim against Albin but not Clark, Pounds, or McKelvey.  Plaintiff alleges Albin was the Undersheriff at TCSO and the "final decision maker" in the day-to-day affairs at TCSO.  (Doc. No. 40, ¶ 4, 55).

Plaintiff further alleges Albin oversaw the Internal Affairs Investigation Unit, which questioned her about her activities while on leave, and Albin terminated her employment while she was seeking FMLA leave (*id.* at ¶¶ 37, 70). She also alleges Albin told her, "'you are not cut out for this work; you only got involved [/hired] because of your mother.'" (*Id.* at ¶ 37). Plaintiff has set forth sufficient facts showing Albin had the requisite responsibility and decision-making power over Plaintiff's FMLA leave to be deemed an "employer" under the FMLA.

However, Plaintiff does not sufficiently allege Clark, Pounds, or McKelvey acted, directly or indirectly, in the interest of her employer with respect to Plaintiff's termination at TCSO or her FMLA leave. Plaintiff alleges that Sergeant Pounds, Major Clark, and Captain McKelvey all had superior titles to Plaintiff's, and that Pounds had been "her direct supervisor." (Doc. No. 40, ¶¶ 5-7, 19). With respect to the FMLA retaliation claim, Plaintiff alleges Clark, Pounds, and McKelvey "urged" Albin to fire her "in order to protect them." (Doc. No. 40, ¶ 70). She does not allege, however, that Clark, Pounds, or McKelvey had decision-making power over her termination or were directly responsible for her termination. Indeed, if Clark, Pounds, and McKelvey "urged" Albin to fire Plaintiff, then it would suggest the opposite—that they had to convince Albin to fire her because they did not have the decision-making authority themselves to terminate her employment.[2]

Accordingly, this claim is dismissed without prejudice as to Clark, Pounds, and McKelvey, both individually and in their official capacities. The motion is denied as to Albin with respect to this claim.

---

[2] As the Individual Defendants correctly point out, the FMLA does not expressly provide for "aiding and abetting" liability for individual employees. Although Plaintiff argues her allegations establish the Individual Defendants engaged in "concerted action to retaliate against her after she sought the protection of the FMLA statutes" (Doc. No. 49, at 14), Plaintiff points to no authority that would suggest such "aiding and liability" is available under the FMLA. *Cf. Sampson v. Methacton Sch. Dist.*, 88 F. Supp. 3d 422, 446 (E.D. Pa. 2015) (noting the FMLA does not provide for aiding and abetting liability for individual employees).

6

B.     **FMLA Entitlement (Second Cause of Action)**

Next, the Individual Defendants argue Plaintiff's FMLA Entitlement claim against them in their individual and official capacities must fail for failure to state an actionable claim. For the reasons explained above, the Court concludes Defendants Clark, Pounds, and McKelvey must be dismissed with respect to this claim, because they are not alleged to have been Plaintiff's "employer" for FMLA purposes. However, this claim may apply to Albin as an "employer." Therefore, further analysis of this claim is necessary with respect to Albin.

Under the FMLA, an eligible employee is "entitled to a total of 12 workweeks of leave" for reasons including "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). Upon the employee's return from leave, the employer must reinstate the employee to the same position or an alternate position with equivalent pay, benefits, and other conditions. 29 U.S.C. § 2614(a)(1). If an employer interferes with this right by taking adverse action that was "related to the exercise or attempted exercise of [the eligible employee's] FMLA rights," then the employer may be liable under an FMLA entitlement theory. *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005). *See* 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter."). However, if the employee is unable to perform an essential function of the position because of a physical or mental condition, then the employee has no right to restoration to another position under the FMLA. 29 C.F.R. § 825.216(c).

Applying these principles, the Individual Defendants argue Plaintiff's FMLA entitlement claim fails, because Plaintiff admitted she would not have been able to return to work from her injury of January 8, 2014, until October 8, 2014, long after the expiration of her FMLA leave.

7

(*See* Doc. No. 46-1).  According to a Compromise Settlement filed in the Court of Existing Claims on January 15, 2015 (Case No. 2014-02852Y), Plaintiff agreed she suffered a "Back/Lumbar Spine and Head" injury on January 8, 2014, resulting in temporary total disability from January 9, 2014, to October 8, 2014, or for a period of 39 weeks.  (Doc. No. 46-1).[3] Therefore, Plaintiff would not have been able to return to work by April 2014, when her FMLA leave expired, and had no right to restoration.  *See, e.g., Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 511 (6th Cir. 2006) ("Employees invoking the entitlement theory must prove that their employer interfered with or denied them an FMLA benefit to which they were entitled.") (collecting cases); *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 332 (1st Cir. 2005).

In response, Plaintiff does not dispute that she would have been unable to return to work at the time her FMLA leave expired.[4]  However, Plaintiff argues the Court should disregard this fact, because her employer did not discover this evidence until after Plaintiff's termination. Plaintiff contends the Court must examine the reasons for termination *at the time of termination*, not afterward.  In support, Plaintiff cites *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360 (1995).  In *McKennon*, the Supreme Court held an employer accused of discriminatory conduct under the Age Discrimination in Employment Act may not fully escape liability by using evidence of an employee's wrongdoing acquired after the adverse employment action.  *Id.*

Here, the Court agrees with the Individual Defendants that Plaintiff's admission she was unable to return to work when her FMLA leave expired is fatal to her FMLA entitlement claim.

---

[3] The Court may take judicial notice of the Compromise Settlement, because it is a matter of public record.  The Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  Plaintiff does not oppose the Court's taking judicial notice of this document.

[4] Plaintiff also does not dispute that her theory of recovery under her FMLA Entitlement claim relies on her ability to return to work after the covered 12 weeks.

In an FMLA entitlement claim, "[i]f an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a deprivation of this right is a violation regardless of the employer's intent." *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002) (citing *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir.1999)). Accordingly, to prove an entitlement claim, "'the employee must demonstrate by a preponderance of the evidence only entitlement to the disputed leave . . . . [T]he intent of the employer is immaterial.'" *Id.* (quoting *King*, 166 F.3d at 891). Further, "'an employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting the request.'" *Id.* (quoting *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1262 (10th Cir. 1998)). In this case, there is no dispute that Plaintiff would have been unable to return to work at the end of her FMLA leave. Therefore, Plaintiff had no right to reinstatement. *McKennon*, which addressed an entirely different statute, does not change the analysis.

Accordingly, Plaintiff's FMLA entitlement claim is dismissed with prejudice as to all of the Individual Defendants, both individually and in their official capacities.

    **C.**    **42 U.S.C. § 1983 Equal Protection Claim (Fourth Cause of Action)**

Finally, the Individual Defendants argue Plaintiff's § 1983 equal protection claim against them in both their individual and official capacities must be dismissed, because a party cannot append a § 1983 claim onto an FMLA claim. This is because "the FMLA provides the exclusive means of recovery for violation of rights created by the FMLA." *Hayduk v. City of Johnstown*, 580 F. Supp. 2d 429, 485 (W.D. Pa. 2008) (citing cases). *See Coleman v. City and County of Broomfield*, 2005 WL 3527290, at *4 (D. Colo. Dec. 22, 2005) (concluding plaintiff may not bring § 1983 actions for FMLA violations, because FMLA "contain[s] comprehensive

9

enforcement schemes which foreclose § 1983 actions for violations of the . . . FMLA"; otherwise, to allow a plaintiff "to also recover under § 1983 'would provide the plaintiff with two bites at precisely the same apple.'") (quoting *Holbrook v. City of Alpharetta, Georgia*, 112 F.3d 1522, 1531 (11th Cir. 1997)); *Janzen v. Watonga Hosp. Trust Auth.*, 2011 WL 5415329, at *6 (W.D. Okla. Nov. 8, 2011) (granting motion to dismiss § 1983 equal protection claim brought with FMLA retaliation, FMLA interference, and Oklahoma workers' compensation wrongful termination claims, concluding: "As the Circuit explained *in Teigen [v. Renfrow*, 511 F.3d 1072, 1085 (10th Cir. 2007)], an employer's challenged policy may 'run afoul of state or federal laws that prohibit employers from retaliation against employees who exercise certain statutory rights.' *Teigen*, 511 F.3d at 1085. While such potential violations may support specific federal or state claims, they do *not* support an equal protection claim.").

In response, Plaintiff argues the Individual Defendants' cited authority is outdated in light of the Supreme Court's decision in *Coleman v. Maryland Court of Appeals*, 132 S. Ct. 1327 (2012). In *Coleman*, the Supreme Court recognized an Equal Protection right may exist when an employer discriminates based on a medical condition. *Id.* at 1335. Plaintiff also relies on the Tenth Circuit's decision in *Notari v. Denver Water Dep't*, 971 F.2d 585 (10th Cir. 1992), in which the Court made clear that a Title VII discrimination claim may exist along with a § 1983 Equal Protection claim, "as long as the substantive legal bases for the claims are distinct." *Id.* at 587.

The Court agrees with the Individual Defendants that Plaintiff cannot present a viable equal protection claim in these circumstances, because the alleged illegality is foreclosed by a separate body of law contained in the FMLA. *See Teigen*, 511 F.3d at 1086 (concluding that, in circumstances in which an employer is alleged to have unlawfully retaliated against employees

10

who exercised certain statutory rights, "the proper claim is not an equal protection claim . . . , but a claim under the applicable anti-retaliation law . . . . The mere illegality of a retaliatory action under a separate body of law does not make the resulting classification so illegitimate, irrational, or arbitrary as to violate the Equal Protection Clause.") (citations omitted). *See also Ragsdell v. Reg'l Hous. All. of La Plata Cty.*, 603 F. App'x 653, 655 (10th Cir. 2015) ("Neither the Supreme Court nor our court has ever applied the Fourteenth Amendment's Equal Protection Clause to unequal treatment based on a failure to accommodate an employee's disability. To the contrary, both courts have suggested that the Equal Protection Clause does not apply in these circumstances") (citing *Bd. Of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001), *Welsh v. Tulsa*, 977 F.2d 1415, 1420 (10th Cir. 1992)).

Plaintiff's cited authority is distinguishable. In this case, Plaintiff claims she was fired in retaliation for pursuing her FMLA and Oklahoma workers' compensation rights. Here, the only issue is Plaintiff's claim of retaliation for taking leave under the FMLA, a protected activity. In *Notari*, by contrast, the plaintiff alleged intentional discrimination, which provided the plaintiff with a distinct substantive basis for a § 1983 claim. 971 F.2d at 586. In *Coleman*, the plaintiff sued his employer for failing to provide his requested FMLA sick leave, not for violation of his Equal Protection rights under §1983. 132 S. Ct. at 1332. Under the circumstances of this case, where there is no basis for a § 1983 claim other than the retaliatory conduct prohibited by the FMLA, courts have held the § 1983 claim cannot stand alone. *See, e.g., Long v. Laramie Cty. Cmty. Coll. Dist.*, 840 F.2d 743, 752 (10th Cir. 1988) (holding a theory of liability under federal law for retaliatory conduct does not come within § 1983 and supports only a Title VII claim).

The Court concludes Plaintiff's § 1983 Equal Protection claim is barred as duplicative of her FMLA retaliation claim. Accordingly, this claim is dismissed with prejudice as to each of

11

the Individual Defendants in both their individual and official capacities. Because the Court concludes Plaintiff's § 1983 claim based on FMLA retaliation is barred, the Court will not address the Individual Defendants' separate arguments that (1) Plaintiff's § 1983 allegations fail to meet the minimum pleading requirements or (2) the Individual Defendants are each entitled to qualified immunity from Plaintiff's Equal Protection claim.

\*\*\*

In summary, the Second Amended Complaint is dismissed in its entirety as to Defendants Clark, Pounds, and McKelvey in their individual and official capacities. The Second and Fourth Causes of Actions (FMLA entitlement and § 1983 Equal Protection claim, respectively) are dismissed with prejudice as to each of the Individual Defendants. The Third Cause of Action (FMLA retaliatory discharge) is dismissed without prejudice as to Defendants Clark, Pounds, and McKelvey, and remains for resolution as to Defendant Albin.

## II.     Motion of Glanz and BOCC

### A.     Individual Capacity Claims Against Glanz

Defendant Glanz seeks dismissal of all claims against him in his individual capacity pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Glanz argues Plaintiff's Second Amended Complaint makes no specific factual allegations against him in his individual capacity. As Glanz points out, none of Plaintiff's allegations of wrongdoing are directed specifically at him based on personal participation. Plaintiff's sole material allegations against Glanz personally are that "[a]t the material time, Defendant Stanley Glanz was the lawfully elected Sheriff of Tulsa County" (Doc. No. 40, ¶ 3), and that Glanz and others "have implicitly condoned and acquiesced in" the unlawful conduct alleged in this case (*id.* at ¶ 54). Plaintiff refers to several undefined groups such as "her superiors," "[s]ome TCSO

12

officials," personnel in the "Tulsa County Sheriff Jail Investigations department," and the TCSO "Internal Affairs Investigation Unit," but the Second Amended Complaint does not specifically name Glanz as being part of any of these groups. (Doc. No. 40, ¶¶ 28, 36, 37).

In a complaint asserting multiple claims against multiple defendants, it is insufficient to identify the defendants in the pleading but fail to tie the factual allegations to the individual defendants alleged to be liable. Rather, the claims must be stated such that each defendant is put on notice of which specific acts the defendant committed are alleged to give rise to liability. *See VanZandt v. Okla. Dept. of Human Servs.*, 276 F. App'x 843, 849 (10th Cir. 2008) (citing *Robbins*, 519 F.3d at 1250). Here, Defendant Glanz has no notice of what misconduct he is alleged to have committed in his individual capacity. There are no facts alleged in the Second Amended Complaint to support an individual capacity claim based on any of the four Causes of Action. Accordingly, Plaintiff's Second Amended Complaint is insufficient to state a plausible claim for relief against Glanz individually, for any of the four Causes of Action.[5]

### B.  Official Capacity Claims Against Glanz

Next, Glanz and BOCC request the Court treat all "official capacity" claims against Glanz as the equivalent of claims against the county. Plaintiff does not allege specific wrongdoing committed by BOCC, but she alleges BOCC is "responsible for the recruiting, employing, training, and granting of authority to law enforcement officers, under the auspices of the Tulsa County Sheriff's Office, to act under color of Oklahoma law." (Doc. No. 40, ¶ 8). Glanz argues the claims against him in his official capacity are claims against the municipality

---

[5] Glanz and BOCC request Plaintiff's "official capacity" claims against the Individual Defendants be dismissed as redundant, unnecessarily confusing, and duplicative under Plaintiff's FMLA and § 1983 claims. Because the Court dismisses the entire Second Amended Complaint as to Clark, Pounds, and McKelvey in Part I of this Opinion and Order, it is unnecessary to address Glanz and BOCC's argument as to those defendants. With respect to Albin, the Court is not prepared to dismiss the sole remaining "official capacity" claim against him based on arguments made by separate counsel in separate briefing.

he represents—Tulsa County. Glanz requests the Court treat BOCC and Glanz in his official capacity as one and the same defendant for purposes of this action.

The Court agrees with Glanz and BOCC that Plaintiff's "official capacity" claims are effectively claims against Tulsa County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the officer is an agent); *Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999) (suit against Jackson County Sheriff in his official capacity deemed equivalent of suit against Jackson County, Oklahoma). Plaintiff cannot obtain double recovery from the County by suing both Glanz in his official capacity and BOCC for the same alleged misconduct. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ("it goes without saying that the courts can and should preclude double recovery by an individual") (quotation omitted).[6]

Accordingly, the Court will treat BOCC and Glanz in his official capacity as one and the same defendant for purposes of this action.

### C. Section 1983 Equal Protection Claim (Fourth Cause of Action)

Next, Glanz and BOCC argue Plaintiff's § 1983 Equal Protection claim against them must be dismissed, because she fails to plead a viable claim under either a "class of one" theory or a theory of discrimination or retaliation based on her membership in a protected class.

The Court agrees with the defendants that Plaintiff's Equal Protection claim is barred under either theory of recovery.[7] *See Kelley v. City of Albuquerque*, 542 F.3d 802, 821-22 (10th Cir. 2008) (rejecting viability of the "class of one" theory of equal protection, noting "[t]he Supreme Court has 'never found the Equal Protection Clause implicated in the specific

---

[6] The Court also notes that whether Plaintiff recovers against Tulsa County through the BOCC or through Glanz in his official capacity, Plaintiff's judgment will be paid from the county treasury. *See* OKLA. STAT. tit. 19, § 6.
[7] In her Response brief, Plaintiff admits she is not attempting to make a "class of one" claim but rather a traditional class-based discrimination claim based on illness. (Doc. No. 50, at 14-15).

14

circumstance where, as here, government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner.'") (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 605 (2008)); *Teigen v. Renfrow*, 511 F.3d 1072, 1085-86 (10th Cir. 2007) (employer's potential violation of anti-retaliation laws does not support an equal protection claim); (*see also* Part I.C, *supra*). Plaintiff's allegations under the FMLA and worker's compensation law sufficiently protect her interests, and her Equal Protection claim is merely duplicative of those interests. Plaintiff's arguments in response, which are identical to those made with respect to the Individual Defendants, are addressed and dismissed above in Part I.C.

Accordingly, Plaintiff's §1983 Equal Protection Claim is dismissed with prejudice as to Defendant Glanz in his individual and official capacities and as to the BOCC.

### D. FMLA Entitlement Claim (Second Cause of Action)

Next, Glanz and BOCC argue Plaintiff's FMLA Entitlement claim is both insufficiently pleaded and barred by the statute of limitations. Without commenting on these arguments, the Court concludes this claim is barred based on Plaintiff's admission she would have been unable to return to work at the end of her FMLA leave. (*See* Part I.B., *supra*; Doc. No. 46-1).[8] As discussed above with respect to the Individual Defendants, Plaintiff has demonstrated no entitlement to reinstatement under the FMLA. All of the Individual Defendants have been relieved from liability with respect to Plaintiff's FMLA Entitlement claim. Therefore, this claim is dismissed with prejudice as to BOCC and as to Glanz, both individually and in his official capacity.

---

[8] Glanz and BOCC's Motion to Dismiss expressly adopts and incorporates the arguments made by the Individual Defendants in their Motion to Dismiss. (*See* Doc. No. 44, at 1).

15

### E.      FMLA Retaliation Claim (Third Cause of Action)

Next, Glanz and BOCC argue Plaintiff's FMLA retaliatory discharge claim is subject to dismissal for failure to state a plausible claim.  With respect to this claim, Plaintiff alleges she was terminated while harboring a protected status under the FMLA, and "temporal proximity" existed between her claim for FMLA benefits (January 16, 2014) and her termination from employment at TCSO (March 17, 2014).  (*See* Doc. No. 40, ¶¶ 37, 50, 74-76).

To establish a prima facie case of retaliation under the FMLA, a plaintiff must show (1) she engaged in a protected activity by taking FMLA-protected leave; (2) the employer took a materially adverse action against her; and (3) the circumstances permit an inference of causal connection between the two events, which may be based on temporal proximity.  *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 540 (10th Cir. 2014).  Glanz and BOCC argue the temporal proximity of eight-and-a-half weeks between Plaintiff's FMLA claim and her termination is alone inadequate to state a claim for retaliatory discharge.  *See Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (finding proximity of three months between protected activity and adverse action, standing alone, insufficient to establish a causal connection); *Jeffers v. Redlands Community College Bd. of Regents*, 2012 WL 137412, at *2 (W.D. Okla. Jan. 18, 2012) (the FMLA "is not a strict liability statute, and the employer will not be liable if it would have taken the same action regardless of the employee's request for FMLA leave.").

The Court disagrees with Glanz and BOCC's position.  Here, Plaintiff's Second Amended Complaint adequately pleads an issue of "temporal proximity" as evidence of a causal connection, which may be further assessed through discovery.  *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006) ("[w]e have repeatedly recognized

16

temporal proximity between protected conduct and termination as relevant evidence of a causal connection sufficient to 'justify an inference of retaliatory motive.' We have emphasized, however, that a plaintiff may rely on temporal proximity alone only if the termination is *very closely* connected in time to the protected activity.") (internal quotations omitted) (finding six weeks proximity close enough to establish prima facie case). Accordingly, Glanz and BOCC's request to dismiss this claim is denied.

### F. Worker's Compensation Retaliatory Discharge (First Cause of Action)

#### 1. Individual Capacity Claim Against Glanz

Next, Glanz argues Plaintiff's claim for worker's compensation retaliatory discharge against him in his individual capacity should be dismissed with prejudice, because recovery for workers' compensation retaliatory discharge is available only against the employer. Glanz is correct. Under the Oklahoma Workers' Compensation Code, OKLA. STAT. tit. 85, §§ 301 *et seq.*,[9] an individual is not liable for retaliatory discharge "unless he actually employed the plaintiff." *Milatz v. Frito-Lay, Inc.*, 106 F.3d 413 (table), 1997 WL 12933, at *3 (10th Cir. Jan. 15, 1997) (unpublished decision) (citing *Proctor v. Caudill*, 820 P.2d 1353, 1356 (Okla. Civ. App. 1991)). Here, Plaintiff alleges her employer was the TCSO, not Glanz individually. (Doc. No. 40, ¶ 18). Plaintiff did not respond to Glanz's argument on this point. Accordingly, Plaintiff's claim for retaliatory discharge against Glanz in his individual capacity is dismissed with prejudice.

---

[9] OKLA. STAT. tit. 85, § 341, under which Plaintiff seeks relief, was repealed with the passage of Title 85A on February 1, 2014. However, Section 3 of the new act states, "[t]he Worker's Compensation Code in effect before the effective date of this act shall govern all rights in respect to claims for injuries and death based on accidents occurring before the effective date of this act." OKLA. STAT. tit. 85A, § 3(C) (2014). Because Plaintiff claims her injury occurred on January 8, 2014, Title 85, rather than Title 85A, appropriately applies to Plaintiff's worker's compensation claim.

### 2. Claim Against BOCC and Glanz in His Official Capacity

BOCC and Glanz in his official capacity further argue Plaintiff's claim for worker's compensation retaliatory discharge against them should be dismissed with prejudice for lack of subject matter jurisdiction, because as of February 1, 2014, the Workers' Compensation Commission has "exclusive jurisdiction to hear and decide" retaliation claims. OKLA. STAT. tit. 85A, § 7(B). However, the Court declines to dismiss the official capacity claim with prejudice on this basis.

Title 85A, the "Administrative Workers' Compensation Act," states it applies "only to claims for injuries . . . based on accidents which occur on or after the effective date of this act" (*i.e.*, February 1, 2014). OKLA. STAT. tit. 85A, § 3(B). Otherwise, the law previously in effect applies. OKLA. STAT. tit. 85A, § 3(C). Here, the injury occurred on January 8, 2014, several weeks before the new Act took effect. (*See* Doc. No. 40, ¶ 33). Although Plaintiff was not terminated until after the new Act took effect, the statute is clear that the date of the injury forming the basis for the workers' compensation claim, not the date of retaliation, determines which law applies. *See Adair v. City of Muskogee, Okla.*, 2015 WL 4542425, at *1 (E.D. Okla. Jul. 27, 2015) (concluding "injury" under Section 3(B) of new Act refers to on-the-job injury, not the alleged retaliatory discharge); *Carlock v. Workers' Comp. Comm'n*, 324 P.3d 408, 408 (Okla. 2014) ("[a]ll aspects of the adjudication of claims for injuries occurring prior to February 1, 2014, are governed by the law in effect at the time of the injury."). The contrary authority cited by Glanz and BOCC is inapposite, because it predates the current Act and does not account for this express statutory language. Therefore, Glanz and BOCC's motion to dismiss with prejudice is denied in this respect.

However, the Court is nonetheless obligated to sever and remand the worker's compensation claim to the state court. Under the removal statute, 28 U.S.C. § 1441, "a claim that has been made nonremovable by statute" must be severed from the action and remanded to the state court from which the case was removed. 28 U.S.C. § 1441(c)(1)-(2). Claims "arising under the workmen's compensation laws" of any state are not removable. 28 U.S.C. § 1445(c). Accordingly, when a case is removed based on federal question jurisdiction that also contains a nonremovable Oklahoma workers' compensation retaliation claim, the court must sever and remand the nonremovable claim and retain all other removed claims that are within the Court's original or supplemental jurisdiction. *Bivins v. Glanz*, 2012 WL 3136115, at *2 (N.D. Okla. Aug. 1, 2012) (remanding workers' compensation claim under OKLA. STAT. tit. 85, § 341 to state court while retaining other claims); *Turbe v. Whirlpool Corp.*, 2013 WL 5675958, at *2 (N.D. Okla. Oct. 18, 2013) ("The plain language of § 1441(c) requires the Court to sever plaintiff's nonremovable workers' compensation retaliation claim and to remand only that claim to state court for further proceedings."). Accordingly, this claim against BOCC and Glanz in his official capacity must be severed from the case and remanded to state court.[10]

\*\*\*

In summary, Plaintiff's First Cause of Action (worker's compensation retaliatory discharge) is dismissed with prejudice as to Glanz in his individual capacity. The request of Glanz in his official capacity and BOCC to dismiss the First Cause of Action (worker's compensation retaliatory discharge) with prejudice is denied. However, the Court hereby severs and remands that claim to state court. The Second Cause of Action (FMLA Entitlement) is dismissed with prejudice as to Glanz in both his official and individual capacities and as to

---

[10] Because the Court severs and remands the workers' compensation retaliatory discharge claim, the Court will not address BOCC and Glanz's argument regarding the availability of punitive damages for this claim.

19

BOCC. The Third Cause of Actions (FMLA Retaliation) is dismissed without prejudice as to Glanz in his individual capacity but remains as to Glanz in his official capacity and as to BOCC.[11] The Fourth Cause of Action (Section 1983 Equal Protection) is dismissed with prejudice as to Glanz in both his individual and official capacities and as to BOCC.

## CONCLUSION

For the reasons detailed above, the Motion to Dismiss by Defendants Undersheriff Tim Albin, Major Shannon Clark, Sergeant Judy Pounds, and Captain William McKelvey (Doc. No. 46) is **GRANTED IN PART**; and the Motion to Dismiss by Defendants Sheriff Stanley Glanz and Defendant Board of County Commissioners of Tulsa County (Doc. No. 44) is **GRANTED IN PART.**

Plaintiff's Second Amended Complaint is **DISMISSED**, with the exception of Plaintiff's Third Cause of Action (FMLA Retaliation) as to Defendants (1) Albin in his individual and official capacities, (2) Glanz in his official capacity, and (3) BOCC. Plaintiff may re-plead the claims identified above in this Opinion and Order. Any amended complaint shall be filed within 14 days. Plaintiff's First Cause of Action (worker's compensation claim) is hereby **SEVERED** and **REMANDED** to state court with respect to BOCC and Glanz in his official capacity.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[11] The Court declines to dismiss the Second Amended Complaint in its entirety for failure to provide fair notice to each defendant of his or her alleged liability, as urged by Glanz and BOCC, for the reasons detailed above.